UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL SCOTT KANE,

Plaintiff,

v.

NANCY A. BERRYHILL,

Defendant.

Case No. 18-cv-02114-KAW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 15, 21

Plaintiff Michael Scott Kane seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for benefits or further proceedings. Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's cross-motion for summary judgment.

## I. BACKGROUND

On May 19, 2015, Plaintiff applied for supplemental social security benefits, alleging a disability that began on June 1, 2011. (Administrative Record ("AR") 172; *see also* AR 16.) During his telephonic interview with the field office, the interviewer found that Plaintiff had no problems with understanding, coherency, talking, and answering, but had problems with concentrating. (AR 191.) The interviewer described Plaintiff as being "very nervous/anxious sounding over the phone." Plaintiff stated that he had tried to come to the office, but left after ten minutes due to a panic attack. The interviewer also reported that Plaintiff answered all questions easily but gave more information than was needed on some questions, and would go off on tangents, giving unsolicited, additional information. (AR 191.)

On August 13, 2015, Plaintiff had a consultative mental status evaluation by Caroline Salvador-Moses, Psy.D.  (AR 264.)  Dr. Salvador-Moses found that Plaintiff had major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder ("PTSD"), and that his "[s]ymptoms cause distress and lead to clinically significant impairment in all areas of functioning."  (AR 266.)  Dr. Salvador-Moses concluded that Plaintiff had no impairment in understanding and remembering simple instructions and a mild impairment in concentration, but otherwise found that Plaintiff had moderate to severe impairments in all other work-related abilities, including the ability to make judgments on simple work-related decisions, to interact appropriately with the public or supervisors or co-workers, pace, and persistence.  (AR 267.)

In October 2016, Plaintiff started receiving service at the San Francisco Department of Public health, Community Behavioral Health Services.  (AR 281.)  On October 21, 2016, Plaintiff was assessed as being fearful, restless, and anxious, and described as having "ongoing severe anxiety and panic, as well as feeling[s] of guilt and hopelessness."  (AR 282, 286.)  Plaintiff was put on a trial of medication to target symptoms of anxiety, panic, and insomnia.  (AR 286.)

On November 7, 2016, Plaintiff reported decreased anxiety and that the hydroxyzine was helping.  (AR 288.)  He also noted some overall mood improvement, but not significantly. Plaintiff had a "much improved presentation," and seemed more relaxed, spoke spontaneously and fluidly, and was much less anxious and guarded.  (AR 288.)  Plaintiff was prescribed additional medication to target his depression and anxiety.

On November 29, 2016, Plaintiff presented with no distress, normal gait and balance, good eye contact, good rapport, and normal speech.  (AR 290.)  Plaintiff's mood was described as okay, with euthymic but mildly depressed affect.  Plaintiff reported that the hydroxyzine was helping his anxiety, that Prozac was helping his depression, and that Prazosin was working well and that he had not had nightmares, but was not sleeping well due to being in a shelter.  (AR 290.)

On December 27, 2016, Plaintiff reported that Prozac and the other medication was helpful in decreasing symptoms, but not as much as needed.  (AR 292.)  Plaintiff stated that he continued to feel very sad and depressed daily, had difficulty completing daily life activities, and was easily frustrated and anxious.  Plaintiff was assessed as having worsening symptoms of depression and

anxiety, and major difficulties with daily living activities, motivation, and completing tasks. (AR 292.) While hydroxyzine was helpful for anxiety and Prazosin was helping with nightmares, Plaintiff continued to have difficulty with sleeping, getting only four hours of sleep. Plaintiff was also described as being "very distressed." (AR 292.)

On January 27, 2017, Plaintiff reported that he was sleeping a little better, but that he continued to feel very depressed, had difficulty motivating himself, and had constant excessive worries. (AR 296.) Plaintiff was described as being well-groomed, engaged, and cooperative, and having normal gait and balance with good eye contact and good rapport, as well as normal speech. Plaintiff was able to sleep much better on mirtazapine, but not enough, and no longer had night terrors with the prazosin. Although the Prozac dosage had increased, Plaintiff denied any improvement in mood and anxiety. (AR 296.)

On February 27, 2017, Plaintiff reported sleeping better. (AR 298.) Plaintiff had recently been prescribed Valium for his anxiety, and stated that the Valium "helped very much for anxiety." Plaintiff, however, continued having moderate residual symptoms of depression and anxiety. (AR 298.)

On March 27, 2017, Plaintiff reported that his mood symptoms had been somewhat stable, and that mirtazapine and Valium helped with his sleep and overall anxiety respectively. (AR 300.) Although his overall mood had improved, Plaintiff continued to have exacerbation of depression, anxiety, and trauma-related symptoms on an almost daily basis. (AR 300.)

On April 27, 2017, Plaintiff presented as having poor eye contact, good rapport, normal speech, depressed affect with limited range in mood, and tearful. (AR 329.) Plaintiff was assessed with functional impairments due to current levels of symptoms. (AR 330.)

On May 25, 2017, Plaintiff stated that his anxiety was making it difficult to sit through the appointment, and reported depression, feelings of hopelessness, occasional suicide ideation, and difficulty engaging in daily activities. (AR 331.) Plaintiff also reported symptoms of PTSD including hypervigilance, irritability, and avoidance of situations which remind him of past trauma. (AR 331.)

The Social Security Administration ("SSA") denied Plaintiff's application initially and on

1    reconsideration.  (AR 42, 60.)  Plaintiff requested a hearing before an Administrative law Judge

2    ("ALJ.")  (AR 100.)  The assigned ALJ held a hearing on June 27, 2017, at which Plaintiff and

3    Vocational Expert ("VE") Nancy Rynd testified.  (AR 29, 261.)  At the hearing, the ALJ examined

4    VE Rynd, giving her a hypothetical of an individual limited to medium work with no more than

5    frequent climbing of ramps and stairs, no more than occasional climbing, frequent balancing, and

6    occasional stooping, kneeling, crouching, and crawling, as well as frequent but not constant

7    handling, fingering, and feeling with the left upper extremity.  (AR 39-40.)  The ALJ also stated

8    that the work should be simple, routine, and non-public.  (AR 40.)  VE Rynd identified positions

9    such as industrial cleaners, hand packagers, and markers.  The ALJ then presented a second

10   hypothetical based on Dr. Salvador-Moses's report, of an individual with the same limitations as

11   the first hypothetical except that the individual could not interact with supervisors or co-workers,

12   and would be off-task for at least 25% of the time.  (AR 40.)  VE Rynd said there would be no

13   available jobs for such a person.  (AR 40.)

14       The ALJ issued an unfavorable decision on July 28, 2017.  (AR 13-23.)  A request for

15   review of the ALJ's decision was filed with the Appeals Council on August 8, 2017.  (AR 5.)  The

16   Appeals Council denied Plaintiff's request for review on February 6, 2018.  (AR 2-4.)  On April 6,

17   2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

18   (Compl., Dkt. No. 1.)

19       On September 23, 2018, Plaintiff filed a motion for summary judgment.  (Plf.'s Mot., Dkt.

20   No. 15.)  On November 26, 2018, Defendant filed an opposition and cross-motion for summary

21   judgment.  (Def.'s Opp'n, Dkt. No. 21.)  On December 10, 2018, Plaintiff filed a reply brief.  (Plf.'s

22   Reply, Dkt. No. 22.)

23                              **II.    LEGAL STANDARD**

24       A court may reverse the Commissioner's denial of disability benefits only when the

25   Commissioner's findings are 1) based on legal error or 2) are not supported by substantial

26   evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097

27   (9th Cir. 1999).  Substantial evidence is "more than a mere scintilla but less than a

28   preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to

                                                 4

support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under SSA regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick*, 157 F.3d at 721. At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three, and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof in steps one through four. *Bustamante*, 262 F.3d at 953-954. The burden shifts to the Commissioner in step five. *Id.* at 954.

### III.    THE ALJ'S DECISION

On July 28, 2017, the ALJ issued an unfavorable decision.  (AR 13-23.)  At step one, the ALJ determined that Plaintiff had not been engaged in substantial gainful activity since April 21, 2015, the application date.  (AR 18.)

At step two, the ALJ identified the following severe impairments: degenerative disc disease, degenerative joint disease of the knee, arthritis, depression, PTSD, and substance abuse.  (AR 18.)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  (AR 18.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work, except that Plaintiff could: frequently balance, climb ramps and stairs, and handle, finger, and feel with the left hand; and occasionally climb ladders, ropes, and scaffolds, stoop, kneel, crouch, and crawl.  (AR 19.)  Plaintiff could also never interact with the public and perform only simple, routine tasks.  (AR 19.)

In so finding, the ALJ gave reduced weight to Dr. Salvador-Moses's consultative psychological evaluation, finding that it did not establish moderate or severe limitations overall.  (AR 20.)  The ALJ found that "[t]he evidence indicates the claimant improved significantly with medication," and that Plaintiff had not exhibited "difficulty with understanding, coherency, concentrating, or answering questions" during his May 19, 2015 interview with the SSA field office.  (AR 20.)  The ALJ further explained that from October 2016 to April 2017, Plaintiff underwent treatment at the San Francisco Behavioral Health Services, where in February 2017, Plaintiff "reported Valium had helped with his anxiety very much, diazepam had helped immensely, and he slept well."  (AR 21.)  The ALJ then acknowledged that "[a]s of May, [the claimant] continued to suffer significant depressive and anxiety symptoms."  (AR 21.)

At step five, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including industrial cleaner, hand packager, and marker.  (AR 21-22.)

Thus, the ALJ concluded that Plaintiff had not been under a disability since April 21, 2015,

the application date.

# IV.    DISCUSSION

## A.    Dr. Salvador-Moses's Opinion

Plaintiff challenges the ALJ's decision solely on the ground that the ALJ improperly gave Dr. Salvador-Moses's opinion reduced weight. (Plf.'s Mot. at 3.) An ALJ may not reject an examining physician's uncontradicted opinion unless the ALJ "give[s] clear and convincing reasons" for doing so. *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984). If the examining physician's opinion is contradicted, the ALJ can reject the opinion for "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). Where the ALJ fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, that opinion is accepted as true. *Id.* at 834.

In rejecting Dr. Salvador-Moses's opinion, the ALJ relied solely on the May 2015 telephonic interview with a SSA field office and Plaintiff's improvement on medication. The Court finds that these are not specific and legitimate reasons for rejecting the opinion.

First, the May 2015 telephonic interview with a SSA field office is not a reason to reject the opinion of an in-person, consultative examination with a medical professional.[1] There is no suggestion that the interviewer had medical training, such that his observations of Plaintiff's behavior during a phone call constitute substantial evidence. Moreover, even if such observations constituted substantial evidence, the ALJ failed to explain why Plaintiff's lack of difficulty with understanding, coherency, or answering questions contradicted Dr. Salvador-Moses's finding that Plaintiff had moderate to severe impairment in work-related abilities that went beyond those three traits, such as carrying out simple instructions, making judgments on simple work-related decisions, understanding and remembering complex instructions, interacting appropriately with

---

[1] The Court notes that the ALJ misstated the observations in the telephonic interview. Specifically, the interviewer found that Plaintiff had difficulties with concentration while the ALJ stated that Plaintiff exhibited no difficulties with concentrating during that interview. (AR 20, 191.) As Dr. Salvador-Moses only found mild impairment of concentration, however, this misstatement is not prejudicial. (*See* AR 267.)

United States District Court
Northern District of California

1    others, and responding appropriately to usual work situations and to changes in a routine work

2    setting.  (AR 267.)

3         Second, Plaintiff's improvement on medication in February 2017 is not a specific and

4    legitimate reason to give Dr. Salvador-Moses's opinion reduced weight.  In general, "[w]ith

5    adequate treatment some individuals with chronic mental disorders not only have their symptoms

6    and signs ameliorated, but they also return to a level of function close to the level of function they

7    had before they developed symptoms or signs of their mental disorders.  Such evidence of medical

8    treatment successfully relieving symptoms can undermine a claim of disability."  *Wellington v.*

9    *Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (internal quotation and citations omitted).  The Ninth

10   Circuit, however, has cautioned that particularly in the context of mental health issues, it is error to

11   reject testimony "merely because symptoms wax and wane in the course of treatment.  Cycles of

12   improvement and debilitating symptoms are a common occurrence, and in such circumstances it is

13   error for an ALJ to pick out a few isolated instances of improvement over a period of months or

14   years and to treat them as a basis for concluding a claimant is capable of working."  *Garrison v.*

15   *Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).  Thus, "[r]eports of 'improvement' in the context of

16   mental health issues must be interpreted with an understanding of the patient's overall well-being

17   and the nature of her symptoms."  *Id.*  Additionally, they must "be interpreted with an awareness

18   that improved functioning while being treated and while limiting environmental stressors does not

19   always mean that a claimant can function effectively in a workplace."  *Id.*  Rather, "[c]aution in

20   making such an inference is especially appropriate when no doctor or other medical expert has

21   opined, on the basis of a full review of all relevant records, that a mental health patient is capable

22   of working or is prepared to return to work."  *Id.* at 1017-18.

23        In *Garrison*, the Ninth Circuit found error where "[r]ather than describe Garrison's

24   symptoms, course of treatment, and bouts of remission, and thereby chart a course of

25   improvement, the ALJ improperly singled out a few periods of temporary well-being from a

26   sustained period of impairment . . . ."  759 F.3d at 1018.  Such is the case here, where the ALJ

27   refers to only one period from October 2016 to April 2017, during which Plaintiff reported

28   decreased depression and anxiety, and appeared less guarded and anxious during his November

8

2016 appointment. (AR 21.) Plaintiff also reported at his February 2017 appointment that Valium helped with his anxiety very much, that diazepam helped immensely, and that he slept well. The ALJ then acknowledged that "[a]s of May, he continued to suffer significant depressive and anxiety symptoms." (AR 21.) The ALJ does not describe Plaintiff's mental health history otherwise. Thus, like *Garrison*, the ALJ erred in relying on Plaintiff's temporary improvement on medication during a period of months, which was followed immediately by impairment.

Moreover, while Plaintiff did have improvements on medication, Plaintiff still reported symptoms that suggest he had not "return[ed] to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders." *Wellington*, 878 F.3d at 876. For example, Plaintiff reported ongoing depression in November 2016. (AR 288.) Plaintiff also reported feelings of being very sad and depressed daily, having difficulty completing daily life activities, and being easily frustrated and anxious in December 2016. (AR 292.) Despite being on medication, Plaintiff was assessed as having worsening symptoms of depression and anxiety, and major difficulties with daily living activities, motivation, and completing tasks. (AR 292.) Plaintiff likewise reported feeling very depressed and having difficulty motivating himself in January 2017. (AR 296.) Plaintiff reported that while the medications did help, he continued to have moderate residual symptoms of depression and anxiety in February 2017. (AR 298.) Plaintiff also reported that again, while Valium was helpful for his anxiety, situational stressors and triggers of trauma around the city continued to cause him daily anxiety leading Plaintiff to avoid social interactions in March 2017. (AR 300.) By focusing solely on the improvements to the exclusion of Plaintiff's remaining problems, the ALJ erred.

Defendant argues that the ALJ found that Dr. Salvador-Moses's opinion warranted reduced weight because it lacked objective support, as she concluded that Plaintiff was unable to interact with others, make work-related judgments, or carry out work-related instructions despite having adequate appearance, attitude, attention, concentration, memory, abstract reasoning, fund of information, and math computation skills. (Def.'s Opp'n at 4.) The ALJ, however, did not cite to this alleged discrepancy in rejecting Dr. Salvador-Moses's opinion. Instead, the ALJ relied solely on Plaintiff's improvement with medication and his lack of difficulty with understanding,

1    coherency, and answering questions during the May 2015 intake interview.  (AR 20.)  The Court

2    cannot "affirm the ALJ on a ground upon which he did not rely."  *Garrison*, 759 F.3d at 1010.

3        Furthermore, Defendant does not explain how Dr. Salvador-Moses's findings regarding

4    Plaintiff's appearance, attitude, attention, concentration, memory, abstract reasoning, fund of

5    information, and math computation skills contradict her conclusions.  Indeed, Dr. Salvador-Moses

6    did find that Plaintiff had no impairment in understanding and remembering simple instructions,

7    and only a mild impairment in concentration.  (AR 267.)  In contrast, Dr. Salvador-Moses, for

8    example, concluded that Plaintiff was unable to make work-related judgments and respond

9    appropriately to usual work situations, which was consistent with her observations about his

10   insight and judgment, including that Plaintiff "demonstrated poor ability to make realistic plans

11   and anticipate the consequences of his actions."  (AR 266.)  Dr. Salvador-Moses also observed

12   that Plaintiff's "mood appeared depressed and severely anxious," which was consistent with her

13   diagnoses of major depressive disorder and generalized anxiety disorder.  (AR 266-67.)

14       The Court concludes that the ALJ failed to articulate specific, legitimate reasons for

15   rejecting Dr. Salvador-Moses's opinion.  Generally, the ALJ's failure to provide adequate reasons

16   for rejecting medical opinions requires that they be accepted as true.  *Lester*, 81 F.3d at 834

17   (citing *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)).[2]  Here, the ALJ failed to present

18   any reliable, conflicting medical evidence or specific and legitimate reasons for rejecting the

19   opinion, requiring that Dr. Salvador-Moses's be accepted as true.

20       **B.    Remand for Benefits**

21       While remand is required, it is only proper to remand for an immediate award of benefits

22   if:

23           (1) the ALJ has failed to provide legally sufficient reasons for
             rejecting such evidence, (2) there are no outstanding issues that must
24           be resolved before a determination of disability can be made, and (3)

25   _____

26   [2] That there is medical evidence in the record that could justify a rejection of those medical
     opinions is immaterial.  *See Harman v. Apfel*, 211 F.3d 1172, 1178-79 (9th Cir. 2000) (physician's
27   opinion to be accepted as true even if there was evidence that could have been used to reject it).
     Defendant argues that there is conflicting evidence, specifically the benign objective clinical
28   findings and Plaintiff's alleged improvement with medication.  (Def.'s Opp'n at 8.)  As discussed
     above, however, these are not legitimate reasons for rejecting Dr. Salvador-Moses's opinion.

it is clear from the record that the ALJ would be required to find the
claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292 (citations omitted); *see also Harman*, 211 F.3d at 1178. As explained above, the ALJ's failure to properly reject the medical opinions of Plaintiff's treating and examining physicians, requires that those opinions be accepted as true. *See Pierce v. Astrue*, 382 Fed. Appx. 618, 619-20 (9th Cir. 2010).

At the hearing, the ALJ first asked VE Rynd a hypothetical of an individual limited to medium, simple, routine, and non-public work with no more than frequent climbing of ramps and stairs, no more than occasional climbing, frequent balancing, and occasional stooping, kneeling, crouching, and crawling, as well as frequent but not constant handling, fingering, and feeling with the left upper extremity. (AR 39-40.) VE Rynd identified positions such as industrial cleaners, hand packagers, and markers. The ALJ then presented a second hypothetical of that same individual, except that the individual could not interact with supervisors or co-workers, and would be off-task 25% of the time. (AR 40.) The ALJ specifically stated that this second hypothetical was based on Dr. Salvador-Moses's report. (AR 40.) VE Rynd responded there would be no available jobs for such a person. (AR 40.) Thus, based on the record and VE Rynd's testimony that an individual with restrictions based on Dr. Salvador-Moses's report would have no available work, the Court concludes that remand for an immediate award of benefits is proper.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment is GRANTED, and Defendant's motion for summary judgment is DENIED. The Court remands this case for an immediate award of benefits.

The Clerk of the Court shall close this case.

IT IS SO ORDERED.

Dated: March 5, 2019

KANDIS A. WESTMORE
United States Magistrate Judge